IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | ) Chapter 15 |
| | ) |
| RCR INTERNATIONAL INC., *et al.*, | ) Case No. 18-10112 (LSS) |
| | ) |
| | ) Jointly Administered |
| Debtors in a Foreign Proceeding.[1] | ) |
| | ) Re D.I. 21 |

**ORDER PURSUANT TO SECTIONS 105(a), 363, 365, 1501, 1514, 1520 AND 1521 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 2002, 6004, 6006 AND 9014, (I) RECOGNIZING AND ENFORCING THE CANADIAN APPROVAL AND VESTING ORDER, (II) APPROVING THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES, AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "Motion") of RCR International Inc. ("RCR"), in its capacity as the authorized foreign representative (the "Foreign Representative") of RCR and W.J. Dennis & Company (the "Debtors"), for entry of an order under sections 105(a), 363(b), (f), (m) and (n); 365, 1501, 1514, 1520 and 1521 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002, 6004, 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (a) recognizing and enforcing in the United States the approval and vesting order (the "Canadian Sale Order") issued by the Superior Court of Quebec (Commercial Division) in and for the Judicial District of Montréal (the "Canadian Court") issued on February 27, 2018 for the sale (the "Sale") of substantially all of the Debtors' assets (as defined and described in the Purchase Agreement (as defined below), the "Purchased Assets"), save and except for the carpet and rug runner inventory and the associated racking and displays

---

[1] The Debtors in these jointly administered cases are RCR International Inc. and W.J. Dennis & Company. The Debtors' mailing address is 180, rue de Normandie, Boucherville (Québec), J4B 5S7, Canada. RCR International Inc.'s Canadian Business Registration Number is 104424031RC0002 and the last four digits of W.J. Dennis & Company's U.S. federal EIN are 3775.

(as defined and described in the Purchase Agreement, the "Excluded Assets"), to Loxcreen Canada Ltd. d/b/a M-D Canada, an affiliate of M-D Building Products, Inc. ("MD" or the "Purchaser") (pursuant to the asset purchase agreement with MD (the "Purchase Agreement") (b) approving, under section 363 of the Bankruptcy Code, the Sale of the Debtors' right, title, and interest in and to the Purchased Assets to the Purchaser, free and clear of all liens, claims, encumbrances and other interests; and (c) granting related relief; and upon the *Declaration of Mario Petraglia* annexed to the Motion and the *Declaration of Mario Petraglia in Support of (I) Chapter 15 Petitions for Recognition of Foreign Main Proceeding; (II) Motion of Foreign Representative for Entry of Provisional and Final Relief in Aid of Foreign Main Proceeding; and (III) Certain Related Relief* filed on January 18, 2018 at Docket No. 3 (together, the "Petraglia Declarations") and the *Motion for Issuance of an Order Extending the Stay of Proceedings and Approval and Vesting Order* filed by the Debtors in the Canadian Court and annexed to the Motion; and the arguments of counsel made, and the evidence adduced, at a hearing before this Court (the "Sale Hearing"); and upon the record of the Sale Hearing and these chapter 15 cases, and after due deliberation thereon, and good cause appearing therefor, and in accordance with Bankruptcy Rule 7052, it is hereby

**FOUND AND DETERMINED THAT:**

    A.    The Canadian Court has duly entered the Canadian Sale Order approving and authorizing the Debtors' execution of the Purchase Agreement and consummation of the Sale of the Purchased Assets.

    B.    This Court has jurisdiction and authority to hear and determine the Motion pursuant to 28 U.S.C. §§ 1334 and 157(b). Venue of these chapter 15 cases and the Motion in this Court and this District is proper under 28 U.S.C. § 1410.

C. Based on the affidavits of service filed with, and representations made to, this Court: (i) notice of the Motion, the Sale Hearing, and the Sale was proper, timely, adequate, and sufficient under the circumstances of these chapter 15 cases and these proceedings and complied with the various applicable requirements of the Bankruptcy Code and the Bankruptcy Rules; and (ii) no other or further notice of the Motion, the Sale Hearing, the Sale, or the entry of this Order is necessary or shall be required.

D. The Foreign Representative provided notice and a reasonable opportunity to object and be heard with respect to the Sale, the Motion, and the relief requested therein to the necessary parties in interest, including the following: (i) all persons or bodies authorized to administer foreign proceedings of the Debtors; (ii) all entities against whom provisional relief was sought under section 1519 of the Bankruptcy Code, including, but not limited to, all known creditors of the Debtors in the United States; (iii) all parties to litigation pending in the United States to which either debtor is a party at the time of the filing of the Petitions; (iv) the Office of the United States Trustee for the District of Delaware; (v) any party who has entered an appearance in the Debtors' proceedings under the *Companies' Creditors Arrangement Act* (Canada) before the Canadian Court (the "Canadian Proceeding") ; (vi) all parties known to hold liens in the Purchase Assets; and (vii) any party that has requested notice in these chapter 15 cases.

E. This Order constitutes a final and appealable order within the meaning of 28 U.S.C. § 158(a).

F. The relief granted herein is necessary and appropriate, is in the interest of the public, promotes international comity, is consistent with the public policy of the United States, is warranted pursuant to sections 105(a), 363(b), (f), (m) and (n), 365, 1501, 1514, 1520

and 1521 of the Bankruptcy Code, and will not cause any hardship to any parties in interest that is not outweighed by the benefits of the relief granted.

G. Based on information contained in the Motion and the Petraglia Declarations, and the record made at the Sale Hearing, the Debtors, through the Financial Advisor and with the supervision and input of the Monitor, conducted a marketing process to solicit interest in the Purchased Assets. The Canadian Court authorized the Sale pursuant to the terms of the Purchase Agreement and entered the Canadian Sale Order. The Foreign Representative has recommended the Sale in accordance with the Purchase Agreement, and it is appropriate that the Purchased Assets be sold, transferred, assigned, and vested in the Purchaser on the terms set forth in the Purchase Agreement.

H. The consideration provided by the Purchaser for the respective Purchased Assets under the Purchase Agreement constitute the highest or otherwise best offers for the respective Purchased Assets.

I. The consideration provided by the Purchaser for the Purchased Assets under the Purchase Agreement constitutes fair consideration and reasonably equivalent value for the Purchased Assets under the Bankruptcy Code, the Uniform Fraudulent Transfer Act, the Uniform Fraudulent Conveyance Act, and the laws of the United States, any state, territory, possession thereof, or the District of Columbia.

J. No bulk sales law or any similar law of any state or other jurisdiction shall apply in any way to the Sale.

K. Time is of the essence in consummating the Sale. To maximize the value of the Purchased Assets, and ensure that the Debtors receive the purchase price held in escrow, it is essential that the Sale occur and be recognized and enforced in the United States promptly.

Accordingly, there is cause to waive the stay that would otherwise be applicable under Bankruptcy Rules 6004(h) and 6006(d), and accordingly the transaction contemplated by the Purchase Agreement can be closed immediately upon entry of this Order.

L.  Based upon information contained in the Motion and the Petraglia Declarations, and the record made at the Sale Hearing, the negotiations over the terms of the Purchase Agreement was conducted fairly, in good faith, and without collusion, and thus the Purchaser has acted in good faith within the meaning of section 363(m) of the Bankruptcy Code, and none of the Debtors, the Foreign Representative or the Purchaser engaged in any conduct that would cause or permit the Purchase Agreement or the consummation of the Sale to be avoided, or costs or damages to be imposed, under section 363(n) of the Bankruptcy Code.

M.  The Purchase Agreement was not entered into for the purpose of hindering, delaying, or defrauding present or future creditors of the Debtor under the Bankruptcy Code or under the laws of the United States, any state, territory, possession thereof, or the District of Columbia.

N.  The Foreign Representative may sell the Purchased Assets free and clear of all liens, claims, encumbrances and other interests, because, with respect to each creditor asserting any such interest, one or more of the standards set forth in section 363(f)(1)–(5) of the Bankruptcy Code has been satisfied.

O.  The Purchaser would not have entered into the Purchase Agreement and would not consummate the Sale contemplated thereby, thus affecting the Debtors, their creditors, and other parties in interest, if the Sale of the Purchased Assets to the Purchaser was not free and clear of all liens, claims, and encumbrances and other interests..

P. A sale of the Purchased Assets other than one free and clear of all liens, claims encumbrances and other interests would yield substantially less or no value than the Sale; thus, the Sale free and clear of all liens, claims, encumbrances and other interests, in addition to all of the relief provided herein, is in the best interests of the Debtors, their creditors, and other parties in interest.

Q. The interests of the Debtors' creditors in the United States are sufficiently protected.

R. The relief granted herein is necessary and appropriate, in the interests of the public and international comity, consistent with the public policy of the United States, and warranted pursuant to section 1521(b) of the Bankruptcy Code.

S. Any and all findings of fact and conclusions of law announced by this Court at the Sale Hearing are incorporated herein.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is GRANTED.

2. The Canadian Sale Order is recognized in full and given full force and effect in the United States.

3. The Sale pursuant to the terms of the Purchase Agreement and the transfers and assignments of the Purchased Assets located within the United States on the terms set forth in the Purchase Agreement and the Canadian Sale Order are approved and authorized pursuant to sections 105, 363, 365, 1501, 1514, 1520 and 1521 of the Bankruptcy Code.

4. Pursuant to section 1521(b) of the Bankruptcy Code and the Canadian Sale Order, the distribution of the proceeds of the Sale is entrusted to the Monitor.

5.      All objections to the entry of this Order that have not been withdrawn, waived, or settled, or otherwise resolved pursuant to the terms hereof, are denied and overruled on the merits, with prejudice.

6.      Pursuant to sections 105, 363, 365, 1501, 1514, 1520 and 1521 of the Bankruptcy Code, and to the extent permitted by the Canadian Sale Order, the Debtors, the Purchaser and the Foreign Representative are authorized to take any and all actions necessary or appropriate to: (a) consummate the Sale of the Purchased Assets to the Purchaser in accordance with the Purchase Agreement, the Canadian Sale Order and this Order; and (b) perform, consummate, implement and close fully the Purchase Agreement, together with all additional instruments and documents that may be reasonably necessary or desirable to implement the Purchase Agreement and the Sale.

7.      The fourteen-day stay provided for in Bankruptcy Rules 6004(h) and 6006(d) shall be, and hereby is, waived in connection with this Order.

### Transfer of the Purchased Assets

8.      Pursuant to sections 105(a), 363, 365, 1501, 1514, 1520 and 1521 of the Bankruptcy Code, upon closing under the terms of the Purchase Agreement, the Purchased Assets shall absolutely vest, without further instrument of transfer or assignment, in the Purchaser all rights, title, and interest of the Debtors to the Purchased Assets and there shall be a legal, valid, and effective transfer of the Purchased Assets to the Purchaser free and clear of any and all security interests (whether contractual, statutory, or otherwise), hypothecs, mortgages, pledges, options, warrants, trusts or deemed trusts (whether contractual, statutory, or otherwise), encumbrances, obligations, claims, interests, liabilities, demands, guarantees, restrictions, contractual commitments, rights, including without limitation, rights of first refusal and rights of set-off, liens, executions, levies, penalties, charges, financial or monetary claims, adverse claims,

or rights of use, puts or forced sale provisions exercisable as a consequence of or arising from the closing of the Sale, whether arising prior to or subsequent to the commencement of the Canadian Proceeding and these chapter 15 cases, whether or not they have attached or been perfected, registered or filed and whether secured, unsecured, legal, equitable, possessory or otherwise, actual or threatened civil, criminal, administrative, regulatory, arbitral or investigative inquiry, action, complaint, suit, investigation, dispute, petition or proceeding by or before any governmental authority or person at law or in equity whether imposed by agreement, understanding, law, equity or otherwise, and any claim or demand resulting therefrom.

9. Pursuant to sections 105(a), 363(f), 365, 1501, 1514, 1520 and 1521 of the Bankruptcy Code, upon the Closing of the Sale: (a) the Purchased Assets shall be sold, transferred, or otherwise conveyed to the respective Purchaser free and clear of all liens, claims, encumbrances and other interests, (b) no holder of a lien, claim, encumbrance or other interest against the Debtors shall interfere, and each and every holder of a lien, claim, encumbrance or other interest against the Debtors is enjoined from interfering, with the Purchaser's rights and title to or use and enjoyment of the Purchased Assets; and (c) the Purchase Agreement, the Sale, and any instruments contemplated thereby shall be enforceable against and binding upon, and not subject to rejection or avoidance by, the Debtors or any successor thereof. All persons or entities holding liens, claims, encumbrances or other interests in, to or against the Purchased Assets are forever barred and enjoined from asserting such liens, claims, encumbrances or other interests against the Purchaser or its affiliates and their respective officers, directors, employees, managers, partners, members, financial advisors, attorneys, agents, and representatives and their respective affiliates, successors and assigns or such Purchased Assets from and after Closing of the Purchase Agreement.

10. Each and every federal, state, and local governmental agency or department is authorized to accept (and not impose any fee, charge, or tax in connection therewith for) any and all documents and instruments necessary and appropriate to consummate the Sale contemplated by the Purchase Agreement.

11. Absent a stay pending appeal, no person shall take any action to prevent or enjoin or otherwise interfere with the Purchased Assets or consummation of the Sale contemplated in the Purchase Agreement.

12. Effective as of Closing under the Purchase Agreement, the Canadian Sale Order and this Order shall constitute for any and all purposes a full and complete general assignment, conveyance, and transfer of the Debtors' interests in the Purchased Assets to the Purchaser free and clear of all liens, claims, encumbrances and other interests.

### Additional Provisions

13. The Purchaser, as a purchaser in good faith within the meaning of section 363(m) of the Bankruptcy Code, shall be entitled to all of the protections of section 363(m) of the Bankruptcy Code. The reversal or modification on appeal of the authorization provided herein to consummate the Sale shall not affect the validity and full force and effect of the Sale.

14. The terms and provisions of the Purchase Agreement and this Order shall be binding on and inure to the benefit of the Debtors, the Purchaser, the Monitor, the Debtors' creditors and all other parties in interest, and any successors of the Debtors, the Purchaser, the Monitor, and the Debtors' creditors, including any foreign representative(s) of the Debtors, trustee(s), examiner(s) or receiver(s) appointed in these chapter 15 cases or under any chapter of the Bankruptcy Code or any other law, and all such terms and provisions shall likewise be binding on such foreign representative(s), trustee(s), examiner(s), or receiver(s) and shall not be

subject to rejection or avoidance by the Debtors, its creditors, or any trustee(s), examiner(s) or receiver(s).

15. Subject to the terms and conditions of the Canadian Sale Order and the Purchase Agreement, provisions of the Purchase Agreement and any related agreements may be waived, modified, amended, or supplemented by agreement among the Debtors and the Purchaser in a writing signed by the Debtors and the Purchaser without further action or order of this Court.

16. The failure to include any particular provision of the Canadian Sale Order, the Purchase Agreement, or any related agreements in this Order shall not diminish or impair the effectiveness of that provision, it being the intent of this Court that the Canadian Sale Order, the Purchase Agreement, and any related agreements, with such amendments thereto as may be made by the parties in accordance with the Canadian Sale Order, this Order and the Purchase Agreement be approved and authorized in their entirety.

17. Notwithstanding any provision in the Bankruptcy Rules to the contrary: (a) the terms of the this Order shall be immediately effective and enforceable upon its entry; (b) the Debtor, the Purchaser, the Monitor and the Foreign Representative are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order; and (c) the Debtors, the Purchaser, the Monitor and the Foreign Representative may, in their discretion and without further delay, take any action and perform any act authorized under the Canadian Sale Order or this Order.

18. Nothing in this Order shall be deemed to waive, release, extinguish or estop the Debtor or the Foreign Representative from asserting, or otherwise impair or diminish,

any right (including, without limitation, any right of recoupment), claim, cause of action, defense, offset or counterclaim in respect of any asset that is not a Purchased Asset.

19. Other than as explicitly set forth herein, this Court shall retain jurisdiction with respect to any and all matters, claims, rights, or disputes arising from or related to the implementation or interpretation of this Order.

Dated: Wilmington, Delaware
       March 9      , 2018

_____
THE HONORABLE LAURIE SELBER SILVERSTEIN
UNITED STATES BANKRUPTCY JUDGE